UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERESA BIRK,

        Plaintiff,

    v.

ROBERT CHRISTOPHER SINN,

        Defendant.

Case No. 05-cv-4144-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Teresa Birk's ("Birk") response to the Court's order to show cause (Doc. 5). This case stems from an August 10, 2003, accident between Birk, who was driving a lawn tractor, and defendant Robert Christopher Sinn ("Sinn"), who was driving a car. Birk filed this case on August 10, 2005, but there is no evidence in the record that she ever served Sinn with process. On November 21, 2006, the Court ordered Birk to show cause why this case should not be dismissed with prejudice for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket, *see In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995), or without prejudice for failure to timely effect service.

Birk responded to the Court's order, explaining why his attorney did not attend the status conference scheduled for November 21, 2006. Apparently, through an oversight, the hearing was not placed on the attorney's schedule, and he did not realize it was scheduled until the night before. The attorney was to be in trial in another court the day of the hearing, and he was not able to be two places at once. He filed a motion early the next day to continue the status conference before this Court, but it was too late. The Court understands this scheduling error and notes Birk's attorney's quick action to correct it one he discovered it. It will excuse the error

this time, but warns the plaintiff that it will not tolerate such neglect in the future.

The Court is less forgiving with respect to Birk's explanation for his failure to serve process in the fifteen months since this case was filed.  Federal Rule of Civil Procedure 4(m), which governs the time in which process must be served, provides, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, *shall* dismiss the action without prejudice as to that defendant or *direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added).  Courts have interpreted Rule 4(m) to require a court to grant an extension if the plaintiff shows good cause, but to leave it to the court's discretion whether to grant an extension if the plaintiff shows excusable neglect.  *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002);  *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

Birk's response to the order to show cause indicates that service had been attempted on August 27, August 31 and September 6, 2005, but that the defendant never contacted the process server in response.  Birk offers no further explanation why there were no further attempts at service between September 2005 and November 2006 other than the general assertion that "efforts have been made by undersigned to locate the whereabouts of the Defendant without success."  Pl. Resp. ¶ 5.  He now asks the Court to allow him 30 more days to accomplish service by publication.

The Court finds that Birk's explanation does not demonstrate good cause.  Instead, at the most it establishes excusable neglect.  The Court will exercise its discretion to allow Birk approximately 60 more days to accomplish service, but not in the manner he requests – by

publication.  He provides no authority for service by publication in this case, and the Court has

been unable to locate any authority for service by publication in anything other than *in rem* or

*quasi in rem* cases.  *See* Fed. R. Civ. P. 4(e)[1]; Mo. S. Ct. R. 54.13(b)(1)[2];  *compare* Mo. S. Ct. R.

54.12 (allowing service of process by publication in "civil actions affecting a fund, will, trust,

estate, specific property, or any interest therein, or any res or status within the jurisdiction of the

court.").  For this reason, the Court **ORDERS** that Birk shall have up to and including February

---

[1]Fed. R. Civ. P. 4(e) sets forth the approved methods for service on an individual under federal law:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
>> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>>
>> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

[2]Mo. S. Ct. R. 54.13(b)(1) sets forth the approved methods for service on an individual under Missouri law:

> Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

3

10, 2007, to file a proof of service or waiver of service in any manner authorized by Federal Rule of Civil Procedure 4.  Should he failed to file a proof or waiver of service, the Court will dismiss this case without prejudice under Rule 4(m) for lack of service of process.  The order to show cause is **DISCHARGED**.

**IT IS SO ORDERED.**
**DATED:  December 6, 2006**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**